**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                                  Case No. 8:14-CR-64-T-17TGW

YOEL EMILIO BAEZ-HERNANDEZ

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's, YOEL EMILIO BAEZ-HERNANDEZ (the "Defendant"), Omnibus Motion to Dismiss Based on Prejudicial Pre-Indictment Delay and on Violation of the Statute of Limitations, (Doc. # 105), and Defendant's Motion to Suppress in Court Identification and Request for Evidentiary Hearing Outside Presence of Jury, (Doc. # 106), each filed May 8, 2014, to which the Government responded, (Doc. # 157), on May 30, 2014. For the reasons that follow, the motions are **DENIED**.

**BACKGROUND**

The United States Attorney's Office for the Southern District of Florida (the "USAO SDFL") initially investigated the actions underlying the subject conspiracy. While the USAO SDFL ultimately declined to prosecute the case and issued this decision on August 20, 2012, the United States Attorney's Office for the Middle District of Florida (the "USAO MDFL"), through a task force involving the United States Border Patrol, Immigration and Customs Enforcement, Homeland Security Investigations, and United States Coast Guard, commenced a subsequent investigation. These government entities pooled joint

resources to further investigate the potential criminal conspiracy, which resulted in an indictment against the Defendant and numerous co-defendants on February 20, 2014.

In his Motion to Dismiss, the Defendant argues the applicable statute of limitations bars prosecution, as the discovery suggests if Defendant were involved in any criminal conspiracy, the Defendant disavowed the conspiracy as late as 2008. The Government opposes this argument, and contends the Defendant was involved in the conspiracy as late as May or December of 2009, which brings the actions and conspiracy within the five-year statute of limitations. The Defendant further argues the delay in obtaining an indictment caused the spoliation of exculpatory evidence, as well as information relevant to impeachment and rebuttal, which violate the Defendant's right to due process. The Government opposes this contention, as any alleged undue delay is excusable—and not intentional—due to the transfer of one investigator and the untimely and unexpected death of another investigator, as well as the Defendant's failure to pursue investigative leads contained in discovery contributed to any alleged spoliation of evidence. In his Motion to Suppress, the Defendant argues the Government tainted any identification from "six pack" photo packs by promising not to prosecute the identifying witnesses and coercing testimony from allegedly unreliable witnesses. The Government contends the identification of the Defendant is premised on co-defendant testimony, thus rendering the "six pack" photo pack suppression issue moot.

## ANALYSIS

### A. Statute of Limitations

While the Defendant does not concede his participation in the alleged conspiracy, but rather contends an objective review of the discovery establishes the Defendant

withdrew from the conspiracy after the arrest of co-defendants in 2008. Defendant contends the discovery establishes he communicated to co-conspirators and co-defendants his intent to leave the conspiracy, and severed all ties from co-conspirators. While it is the Defendant's burden to prove withdrawal from the conspiracy, Smith v. U.S., 133 S.Ct. 714, 721 (2013), the Court need not conduct such an inquiry, as the grand jury determined the Defendant participated in the conspiracy to smuggle individuals as late as May 2009. As Defendant concedes any act within the period from February 20, 2009, through February 20, 2014, would bring this case within the relevant statute of limitations period, the statute of limitations argument necessarily fails.

### B. Due Process Violation

"To prove a due process violation resulting from a pre-indictment delay, the [Defendant] must show: (1) actual prejudice to [his] defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage." U.S. v. Thomas, 62 F.3d 1332, 1339 (11th Cir. 1995) (citing U.S. v. LeQuire, 943 F.2d 1554, 1560 (11th Cir. 1991), cert. denied, 505 U.S. 1223 (1992); U.S. v. Reme, 738 F.2d 1156, 1163 (11th Cir. 1984), cert. denied, 471 U.S. 1104 (1985)). In deciding Thomas, the Eleventh Circuit Court of Appeals determined that addressing the prejudice prong was not necessary if the defendant failed to carry his burden with respect to the deliberate-delay prong. Thomas, 62 F.3d at 1339.

As with Thomas, this Court finds the Defendant's basis for alleging undue delay is without merit. The Defendant alleges the Government "inexplicably" rested on the evidence, and did not diligently pursue an indictment or engage in an ongoing investigation after the USAO SDFL declined to prosecute in August 2012. The

Government's response, to the contrary, directly and concisely addresses the Defendant's speculative accusation: an investigator's untimely and unexpected death, as well as a different investigator's transfer, caused the temporary closure and transfer of these files. When these files were reopened months later, and combined with information obtained from the aforementioned investigative task force conducting the on-going investigation in 2013, the Government indicted the Defendant February 20, 2014. These actions clearly demonstrate excusable—if not investigative—delay, rather than reckless disregard or the nefarious tactical advantage the Defendant speculates the Government sought to obtain. See Doggett v. U.S., 505 U.S. 647 (1992); U.S. v. Eight Thousand Eight Hundred and Fifty Dollars in U.S. Currency, 461 U.S. 555 (1983); U.S. v. Foxman, 87 F.3d 1220 (11th Cir. 1996); Stoner v. Graddick, 751 F.2d 1535 (11th Cir. 1985). The Defendant failed to meet his burden with respect to the deliberate-delay prong, and his Motion to Dismiss is therefore **DENIED**.

### C. Suppression of Identification

Defendant contends the "six pack" photo packs and identification therefrom was tainted by the Government's promises not to prosecute and coercion of certain unreliable transported aliens to identify the Defendant. While the Government does not directly address the validity of said photo pack identification, it argues the anticipated testimony of co-defendants and co-conspirators identifying the Defendant renders the suppression moot. As the Defendant states in his Motion to Suppress, "[i]f the identification can be supported by independent means it may be allowed even if the method used [for the photo pack identification] were improper." See Neil v. Biggers, 409 U.S. 188 (1972); U.S. v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263 (1967). As the

Government has provided an independent means for identification—based on testimony from co-defendants and co-conspirators who knew the Defendant for a long period of time—the suppression is improper, and Defendant's Motion to Suppress is **DENIED**.

Accordingly, it is **ORDERED** that:

1) Defendant's Omnibus Motion to Dismiss Based on Prejudicial Pre-Indictment Delay and on Violation of the Statute of Limitations is **DENIED**; and

2) Defendant's Motion to Suppress in Court Identification and Request for Evidentiary Hearing Outside Presence of Jury is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this  11th  day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE